cyUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NANCY JEAN THOMPSON,

        Petitioner,

  v.              3:04-cv-1321

UNITED STATES OF AMERICA,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

  Petitioner moves for relief under 28 U.S.C. § 2255. Petitioner's arguments may be consolidated into six grounds: (1) due process violations based on United States v. Booker, — U.S. —, 125 S.Ct. 738 (2005), Blakely v. Washington, — U.S. —, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), and ineffective assistance of counsel for failing to pursue these arguments; (2) due process violation for lack of notice of this Court's intent to consider a witness' testimony for sentencing purposes; (3) ineffective assistance of counsel for failure to object to or cross-examine the same witness; (4) violation of Double Jeopardy for imposing concurrent sentences on counts 2 and 3; (5) the sentence for count 3 is excessive; and (6) insufficient evidence to support the Petitioner's sentence. For the following reasons, Petitioner's Double Jeopardy argument concerning Count Three is GRANTED. The sentence imposed on Count Three is hereby VACATED. Petitioner's remaining arguments are REJECTED. Petitioner's concurrent 108-month sentences on Counts One and Two, therefore, remain in effect.

**(1) Petitioner's <u>Booker</u>, <u>Blakely</u>, and <u>Apprendi</u> Arguments.**

First, <u>Booker</u> and <u>Blakely</u> do not apply retroactively to matters on collateral review. <u>See</u> <u>Green v. United States</u>, --- F.3d ---, 2005 WL 237204 (2d Cir. 2005) (holding that neither <u>Blakely</u> nor <u>Booker</u> apply retroactively).  Petitioner's reliance on these cases, therefore, affords her no relief.

Second, Petitioner's reliance on <u>Apprendi</u> is mistaken.  As Petitioner herself notes, <u>Apprendi</u> was clearly established at the time of her trial.  Her opportunity to pursue that claim on direct appeal, therefore, precludes its use here.  In any event, her claim must fail. Petitioner claims that the Court violated <u>Apprendi</u> by increasing her sentence on the basis of facts not submitted to a jury.  <u>Apprendi</u>, however, held that "any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury." 533 U.S. at 490.  Here, Petitioner pleaded guilty to an indictment alleging possession with intent to distribute 100 or more pounds of marijuana.  The applicable statutory penalty for this quantity is 21 U.S.C. § 841(b)(1)(B), which prescribes a maximum term of imprisonment of forty years.  Petitioner's sentence of 108 months (9 years) falls well below the statutory maximum.  <u>Apprendi</u>, therefore, is inapplicable to the present case.

Petitioner's claim that counsel's alleged failure to raise these arguments at trial and on appeal constitutes ineffective assistance of counsel, similarly, is meritless.  Because petitioner's <u>Apprendi</u> argument fails substantively, counsel's decision not to pursue the argument cannot have been objectively unreasonable.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 689-90 (1984).  Petitioner's claim regarding counsel's failure to raise <u>Booker</u>/<u>Blakely</u> objections is also meritless.  Because the Federal Sentencing Guidelines were not considered unconstitutional at time of petitioner's sentencing and appeal, it could

not have been objectively unreasonable for counsel to fail to raise such an objection. See id. at 689.

### (2) Petitioner was not denied due process when the Court used certain testimony to increase Petitioner's sentence.

Petitioner claims that she was denied due process when the Court allegedly induced Petitioner not to cross-examine co-defendant Cynthia Nall. The Second Circuit has already considered and rejected this argument. See United States v. Nall, 78 Fed. Appx. 158, 159 (2003). As the Second Circuit found, the District Court did in fact "provide Thompson with an opportunity for cross-examination, which Thompson declined." Id. The Second Circuit's decision is binding on this Court.

### (3) Failure to object to or cross-examine a witness whose testimony was used against Petitioner did not constitute ineffective assistance of counsel.

Petitioner claims that her counsel's decision to forego cross-examining Nall was not "tactical," but was instead based on an erroneous belief that constituted ineffective assistance of counsel. As with Petitioner's last argument, the Second Circuit has already foreclosed this issue. See Nall, 78 Fed. Appx. at 159. The Second Circuit held that it had "no basis in the record itself for finding that Thompson elected not to cross-examine Nall for anything other than strategic reasons." Id. The Second Circuit's rejection of Petitioner's claim, therefore, precludes its consideration here.

### (4) Petitioner's conviction on Count Three violated the Double Jeopardy Clause

Petitioner contends that her sentence on Count Three, running concurrently with Count Two, must be vacated as a violation of the Double Jeopardy Clause of the Fifth

Amendment. Petitioner argues that Counts Two and Three charge petitioner with the same crime, for which only one conviction is constitutionally permissible. The Court agrees.

Count Two of the indictment charged Petitioner of possession with intent to distribute 1,800 pounds of marijuana located at Petitioner's farmhouse. Count Three charged Petitioner with possession with intent to distribute 10 pounds of marijuana located in Petitioner's vehicle. Petitioner alleges that the second and smaller quantity of marijuana originated from the first. The Government does not challenge this characterization of the facts. The two quantities were possessed by Petitioner simultaneously and were both recovered by investigators on March 26, 2002.

An indictment is multiplicitous if it charges the same crime in two counts. United States v. Ansaldi, 372 F.3d 118, 124 (2d Cir. 2004). The problem with a multiplicitous indictment is that a jury can convict on both counts, resulting in a violation of the Double Jeopardy Clause. Id.; United States v. Chacko, 169 F.3d 140, 145 (2d Cir. 1999). For the following reasons, Petitioner's conviction on Count Three is such a violation.

The offense charged, violation of 21 U.S.C. § 841(a)(1), is identical in Counts Two and Three. See Chacko, 169 F.3d at 145 ("In assessing whether a defendant is impermissibly charged... in violation of the Double Jeopardy Clause... it is critical whether the 'offense'–in the legal sense, as defined by Congress–complained of in one count is the same as that charged in another."). Rather than charge distinct acts of possession and distribution, furthermore, the government only distinguishes Petitioner's counts under § 841(a)(1) as separate possessions. See United States v. Gore, 154 F.3d 34, 46 (2d Cir. 1998) (concluding that "under Blockburger ... possession with intent and distribution should [generally] not be regarded as the 'same offense'"). Courts have routinely held, however, that

mere possession of two separate caches of the same drug on the same day constitute only a single § 841(a)(1) offense.  See, e.g., United States v. Clay, 355 F.3d 1281, 1284-85 (11th Cir. 2004); United States v. Stephans, 118 F.3d 479, 482 (6th Cir. 1997); United States v. Dixon, 921 F.2d 194, 196 (8th Cir. 1990).  Petitioner's simultaneous possession of two caches of marijuana in the instant case, therefore, merge as one single offense.

Count Three of the indictment is therefore multiplicitous, making Petitioner's conviction on that count a violation of Double Jeopardy.  Where a defendant is convicted of multiplicitous counts, the District Court must vacate one of the convictions.  Ansaldi, 372 F.3d at 125.  Petitioner's conviction on Count Three is hereby VACATED.

**5. Petitioner's objection to excessiveness of the sentence on count 3 is moot.**

Petitioner claims that the 108 month sentence imposed on count 3, running concurrently with count 2, is excessive.  Regardless of whether Petitioner is correct, this Court has already determined that Count Three must be vacated as a violation of the Double Jeopardy Clause.  Whether the original length of that sentence was appropriate, therefore, is moot.

**6. Petitioner's objections to the evidence used at sentencing have already been rejected on appeal.**

Petitioner, in her initial 28 U.S.C. § 2255 motion, also directly challenges the evidence used at sentencing.  This argument has already been fully litigated and rejected by the Second Circuit on appeal.  See Nall, 78 Fed. Appx. at 159.  Its consideration is, therefore, precluded here.

**CONCLUSION**

For the foregoing reasons, the motion pursuant to 28 U.S.C. § 2255 is DENIED IN PART and GRANTED IN PART.  Petitioner's Double Jeopardy objection to Count Three of the indictment is GRANTED.  The conviction on Count Three is VACATED.  In all other respects, the petition is DENIED.

IT IS SO ORDERED.

Dated:   May 2, 2005

Thomas J. McAvoy
Senior, U.S. District Judge