cyUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NANCY JEAN THOMPSON,

                        Petitioner,

      v.                                                 3:04-cv-1321

UNITED STATES OF AMERICA,

                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

        Petitioner moves for reconsideration of this Court's May 2, 2005 Decision & Order granting, in part, her motion under 28 U.S.C. § 2255.  Petitioner argues that: (1) the Court failed to address her constitutional challenge to the then-existing sentencing scheme; (2) the Court misinterpreted the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000); and (3) the Court misunderstood her due process and ineffective assistance of counsel arguments.  For the following reasons, the motion for reconsideration is DENIED.

        First, Petitioner fails to meet the standard for reconsideration.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

        Second, Petitioner's legal arguments are without merit.  Petitioner claims that she is entitled to be resentenced because she was sentenced under an unconstitutional statute.  At

the time of her sentencing, there were no rulings from the Second Circuit or the Supreme Court that the federal sentencing structure was unconstitutional. The fact that the mandatory nature of the sentencing guidelines has since been ruled unconstitutional by the Supreme Court, United States v. Booker, — U.S. —, 125 S.Ct. 738 (2005), has no impact upon Petitioner because, as noted in the Court's prior ruling, Booker does not apply retroactively. In any event, for the reasons discussed *infra*, the Court would impose the same sentence under the post-Booker sentencing scheme.

Petitioner's second argument that the Court misunderstood Apprendi is similarly unavailing. Petitioner argues that the holding in Apprendi, as elucidated by subsequent cases, makes it clear that the "relevant 'maximum' [sentence] for Apprendi purposes is the mandatory sentencing level to which the defendant is exposed by verdict or plea, not the maximum penalty provided by the legislature." This argument is simply a creative means of attempting to circumvent the non-retroactivity of Booker. While the holding in Booker may have been an outgrowth of Apprendi, Apprendi simply did not hold as Petitioner claims. By the plain terms of the Supreme Court's opinion in Apprendi, that holding was limited to requiring submission to the jury of "any fact that increases the penalty for a crime *beyond the prescribed statutory maximum*." 533 U.S. at 490. Apprendi went no farther. It was Booker that extended Apprendi's reach. Booker does not apply retroactively and, thus, this claim must be rejected.

Petitioner's third argument is that she was denied due process of law and the effective assistance of counsel because Nall's testimony at the forfeiture hearing was allowed to be used to determine relevant conduct without prior notice to Petitioner. On her

- 2 -

motion for reconsideration, Petitioner is simply rehashing the same argument she made previously. This argument must, once again, be rejected.

In its opinion, the Second Circuit stated as follows:

> Finally, Thompson argues that she was deprived of a meaningful opportunity to cross-examine Nall, because the District Court stated at the outset of the forfeiture hearing that it was not taking testimony for the purposes of determining relevant conduct. The District Court did, however, provide Thompson with an opportunity for cross-examination, which Thompson declined. Certainly Nall's testimony at the forfeiture hearing was adverse to Thompson's interests, such that even if one could reasonably have taken the District Court's statement as ruling out the possibility that it would later use Nall's testimony to establish Thompson's relevant conduct, Thompson still had ample reason to cross-examine Nall. Therefore, we have no basis in the record itself for finding that Thompson elected not to cross-examine Nall for anything other than strategic reasons.

United States v. Nall, No. 03-1095 (2d Cir. Oct. 17, 2003).

Accordingly, the Second Circuit has already ruled in this case that, notwithstanding any statements or representations by this Court, Petitioner had "ample reason to cross-examine Nall" for purposes of determine relevant conduct, even though the opportunity to cross-examine was presented at a forfeiture hearing and Petitioner understood at that time that testimony at the forfeiture hearing would not be used in determining relevant conduct. This directly resolves the due process argument raised herein. Because Petitioner was afforded an opportunity cross-examine Nall, but declined to do so, she cannot claim to have been deprived of due process of law.

With respect to the ineffective assistance of counsel claim, the Court finds that trial counsel's performance was not objectively unreasonable. The Court recalls counsel's performance and finds it to have been quite competent. In its opinion, the Second Circuit noted that the decision not to cross-examine Nall was likely done for strategic reasons. This

Court agrees. There were numerous reasons not to want to cross-examine Nall at the forfeiture hearing or to re-call Nall at sentencing.

Assuming, *arguendo*, that trial counsel's performance was deficient, Petitioner has failed to demonstrate prejudice resulting therefrom. Having presided over the Nall matter, the Court was well aware of the bases upon which Petitioner claims she could have cross-examined Nall (her desire to obtain a downward departure motion from the government and her other motivations to avoid a lengthy incarceration). This Court does not believe that any such information on cross-examination would have altered the result. The fact that there is no reference to 6,000 or 7,000 pounds or drugs in reports of interviews with government agents similarly would not have changed the result. This Court found Nall to be credible and strongly believes that Petitioner was involved in major drug trafficking.

Moreover, as Petitioner has argued, the landscape of sentencing has been altered since she was sentenced. The Court is no longer constrained by the sentencing guidelines, but, rather, is limited only by the statutory maximum and minimum, taking into account the recommendations of the sentencing guidelines and the considerations listed in 18 U.S.C. § 3553. Excluding, for the sake of argument, any relevant conduct, Petitioner was convicted of distributing, or attempting to distribute, 1,800 pounds (over 800 kilograms) of marijuana. Based on this quantity alone, Petitioner faced a statutory minimum of five years and a statutory maximum of forty years in prison. 21 U.S.C. § 841(b)(1)(B). Petitioner's 108 month sentence is well within this range. Moreover, upon consideration of all the factors in 18

U.S.C. § 3553 and the guideline recommendations, the Court finds 108 months to be the appropriate sentence.[1]  Thus, there has been no prejudice to Petitioner.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: May 27, 2005

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] The Court is aware that, excluding the relevant conduct, 108 months is in excess of the straight guideline calculation. Considering all circumstances, including the degree of any acceptance of responsibility, the Court finds that 108 months is an appropriate sentence. It certainly is so in light of the relevant conduct.